United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11  ALEKSANDR BINKOVICH,            )   Case No. 5:11-cv-03774-PSG
                                    )
12                     Plaintiff,   )   **REVISED FINAL**
              v.                    )   **JURY INSTRUCTIONS**
13                                  )
    OFFICER BARTHELEMY, et al.,     )
14                                  )
                     Defendants.    )
15  _____)

16

17  **IT IS SO ORDERED.**

18  Dated: April 28, 2014

19

20                                  _____
                                    PAUL S. GREWAL
21                                  United States Magistrate Judge

22

23

24

25

26

27

28

Case No. 5:11-cv-03774-PSG
FINAL JURY INSTRUCTIONS

**1. DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.  Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.  It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Case No. 5:11-cv-03774-PSG
FINAL JURY INSTRUCTIONS

## 2. COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Case No. 5:11-cv-03774-PSG
FINAL JURY INSTRUCTIONS

**3. RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Case No. 5:11-cv-03774-PSG
FINAL JURY INSTRUCTIONS

**4. ALL PERSONS EQUAL BEFORE THE LAW**

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

5

**5. NON-PERSON PARTY**

A city, the City of San Jose, is a defendant in this lawsuit. Defendant City of San Jose is entitled to the same fair and impartial treatment that you would give to an individual. You must decide this case with the same fairness that you would use if you were deciding the case between individuals.

When I use words like "person" or "he" or "she" in these instructions to refer to a party, those instructions also apply to the City of San Jose.

Case No. 5:11-cv-03774-PSG
FINAL JURY INSTRUCTIONS

# 6. CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Case No. 5:11-cv-03774-PSG
FINAL JURY INSTRUCTIONS

**7. IMPEACHMENT EVIDENCE-WITNESS**

The evidence that a witness has been convicted of a crime and/or, lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Case No. 5:11-cv-03774-PSG
FINAL JURY INSTRUCTIONS

**8. DEPOSITION IN LIEU OF LIVE TESTIMONY**

As I explained during trial, a deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.  Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## 9. USE OF INTERROGATORIES OF A PARTY

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Case No. 5:11-cv-03774-PSG
FINAL JURY INSTRUCTIONS

# 10. SECTION 1983 CLAIM

Plaintiff Aleksandr Binkovich brings a claim under the federal statute, 42 U.S.C. § 1983, which provides that any person who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**A.     SECTION 1983 CLAIM AGAINST DEFENDANTS IN INDIVIDUAL CAPACITIES: ELEMENTS AND BURDENS OF PROOF**

In order to prevail on his Section 1983 claim against Defendants Bruce Barthelemy, Louis Grondahl and Terry Craig, Binkovich must prove each of the following elements by a preponderance of the evidence:

1.     Barthelemy, Grondahl and/or Craig acted under color of law; and

2.     the acts of Barthelemy, Grondahl and/or Craig deprived Binkovich of his particular rights under the United States Constitution as explained in later instructions.

If you find Binkovich has proved each of these elements, and if you find that he has proved all the elements he is required to prove under Instructions 11, 12, 13 or 14, your verdict should be for Binkovich. If, on the other hand, Binkovich has failed to prove any one or more of these elements against a defendant, your verdict should be for that defendant.

Case No. 5:11-cv-03774-PSG
FINAL JURY INSTRUCTIONS

**B.      SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANT BASED ON OFFICIAL POLICY, PRACTICE OR CUSTOM – ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his Section 1983 claim against the City of San Jose alleging liability based on an official policy, practice, or custom, Binkovich must prove each of the following elements by a preponderance of the evidence:

1.      Barthelemy, Grondahl and /or Craig acted under color of law;

2.      the acts of  Barthelemy,  Grondahl and /or Craig individually or jointly deprived Binkovich of his particular rights under the United States Constitution as explained in later instructions;

3.      Barthelemy, Grondahl and /or Craig acted pursuant to an expressly adopted official policy or longstanding practice or custom of the City of San Jose.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

"Official policy" means a rule or regulation promulgated, adopted, or ratified by the defendant City of San Jose

"Practice or custom" means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of the City of San Jose.

If you find Binkovich has proved each of these elements, and if you find that Binkovich has proved all the elements he is required to prove under Instructions 11, 12, 13 or 14, your verdict should be for Binkovich. If, on the other hand, Binkovich has failed to prove any one or more of these elements, your verdict should be for the City of San Jose.

Case No. 5:11-cv-03774-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

### C.   SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANT BASED ON POLICY OF FAILURE TO TRAIN – ELEMENTS AND BURDEN OF PROOF

In order to prevail on his Section 1983 claim against the City of San Jose alleging liability based on a policy of failure to train its police officers, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.     the act[s] of Barthelemy, Grondahl and /or Craig deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions;

2.     Barthelemy, Grondahl and /or Craig acted under color of law;

3.     the training policies of Defendant City of San Jose were not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

4.     City of San Jose was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately; and

5.     the failure of City of San Jose to provide adequate training caused the deprivation of the plaintiff's rights by Officers Barthelemy, Grondahl and /or Craig; that is, the City of San Jose's failure to train is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.  Binkovich may prove deliberate indifference in this case by showing that City of San Jose knew its failure to train adequately made it highly predictable that its police officer[s] would engage in conduct that would deprive persons such as Binkovich of his rights.

If you find Binkovich has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instructions Numbers 11, 12, 13 or 14, your verdict should be for Binkovich.  If, on the other hand, Binkovich has failed to prove any one or more of these elements, your verdict should be for the defendants.

## 11. PARTICULAR FOURTH AMENDMENT RIGHTS –
## UNREASONABLE SEIZURE OF A PERSON-GENERALLY

As previously explained, Binkovich has the burden to prove that the acts of Barthelemy, Grondahl and/or Craig deprived the plaintiff of particular rights under the United States Constitution.  In this case, Binkovich alleges the Defendants deprived him rights under the Fourth Amendment to the Constitution when Barthelemy, Grondahl and/or Craig arrested him. Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove a defendant deprived him of this Fourth Amendment right, Binkovich must prove the following additional elements by a preponderance of the evidence:

1. Barthelemy, Grondahl and/or Craig seized the plaintiff's person;

2. in seizing his person,  Barthelemy,  Grondahl and/or Craig acted intentionally; and

3. the seizure was unreasonable.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Thus, Binkovich must prove Barthelemy, Grondahl and/or Craig meant to engage in the acts that caused a seizure of the plaintiff's person. Although the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the seizure.

Case No. 5:11-cv-03774-PSG
FINAL JURY INSTRUCTIONS

1
2

## 12. PARTICULAR FOURTH AMENDMENT RIGHTS – UNREASONABLE SEIZURE OF A PERSON-EXCEPTION TO WARRANT REQUIREMENT

3

    In general, a seizure of a person for an investigatory stop is reasonable if, under all of the

4

circumstances known to the officers at the time:

5
6

    1.  the officers had a reasonable suspicion that the person seized was engaged in criminal activity; and

7

    2.  the length and scope of the seizure was reasonable.

8

    In order to prove the seizure in this case was unreasonable, Binkovich must prove by a

9

preponderance of the evidence that Barthelemy, Grondahl and/or Craig lacked reasonable suspicion

10

to stop him or that the length and scope of the stop was excessive.

11

    "Reasonable suspicion" is an objectively reasonable belief based on specific and articulable

12

facts.

13

    In determining whether the length and scope of the seizure was reasonable, consider how

14

Barthelemy, Grondahl and/or Craig restricted Binkovich's liberty and Barthelemy, Grondahl and/or

15

Craig's reasons for using such methods and for the length of the stop.

16

    A citizen is free to ignore a police officer and refuse to speak with the officer or simply walk

17

away unless he or she is detained. The essential inquiry is whether the person stopped would

18

reasonably have believed that he or she was not free to leave.

19
20
21
22
23
24
25
26
27
28

Case No. 5:11-cv-03774-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 13. PARTICULAR FOURTH AMENDMENT RIGHTS –
### UNREASONABLE SEIZURE OF A PERSON-PROBABLE CAUSE ARREST

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officers had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime. The probable cause standard of the Fourth Amendment requires officers to reasonably interview witnesses readily available at the scene, investigate basic evidence, or otherwise inquire if a crime has been committed at all before invoking the power of warrantless arrest and detention.

Under state law, it is a crime to fight or challenge another person in a public place, willfully and maliciously disturb another person by loud and unreasonable noise, use offensive words in a public place that are likely to provoke an immediate violent reaction.  It is a crime to willfully resist, delay, or obstruct any public officer in the discharge of his duties.  It is a crime to willfully and unlawfully use force or violence on the person of another.  And it is a crime to resist, by force or violence, a peace officer's efforts to perform their duty.

## 14. PARTICULAR FOURTH AMENDMENT RIGHTS – UNREASONABLE SEIZURE OF A PERSON-EXCESSIVE (NONDEADLY) FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if police officers use excessive force in making a lawful arrest and/or in defending themselves or others. Thus, in order to prove an unreasonable seizure in this case, Binkovich must prove by a preponderance of the evidence that the officers used excessive force when Barthelemy, Grondahl and/or Craig arrested him.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officer[s] on the scene, including:

- The severity of the crime or other circumstances to which the officers were responding;

- Whether Binkovich posed an immediate threat to the safety of the officers or to others;

- Whether Binkovich was actively resisting arrest or attempting to evade arrest by flight;

- The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

- The type and amount of force used; and

- The availability of alternative methods to take Binkovich into custody.

When there is no need to use force, any force used is constitutionally unreasonable.  If a peace officer uses unreasonable or excessive force while arresting or detaining a person, that person may lawfully use reasonable force to defend himself.  A person being arrested uses reasonable force when he 1) uses that degree of force that he or she actually believes is reasonably necessary to protect himself from the officer's use of unreasonable or excessive force; and 2) uses

17

United States District Court
For the Northern District of California

1    no more force than a reasonable person in the same situation would believe is necessary for his or

2    her protection.

Case No. 5:11-cv-03774-PSG
FINAL JURY INSTRUCTIONS

**15. CAUSATION**

In order to establish that the acts of Barthelemy, Grondahl and/or Craig as well as the City of San Jose deprived Binkovich of his particular rights under the United States Constitution as explained in Instructions 11, 12, 13 or 14, Binkovich must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of his rights as to be the moving force that caused the ultimate injury.

19

# 16. DAMAGES

**A.     PROOF**

It is the duty of the court to instruct you about the measure of damages.  By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for Binkovich, you must determine his damages.  Binkovich has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

- The nature and extent of the injuries;

- The mental, physical, and/or emotional pain and suffering experienced; and

- The reasonable value of necessary medical care, treatment, and services received to the present time;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**B.     MITIGATION**

Binkovich has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

Defendants have the burden of proving by a preponderance of the evidence:

1.      that Binkovich failed to use reasonable efforts to mitigate damages; and

2.      that the amount by which damages would have been mitigated.

**C.     NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages. If you find for Binkovich but you find that he has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Case No. 5:11-cv-03774-PSG
FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### D.     DAMAGES FROM MULTIPLE DEFENDANTS

In this case, Binkovich seeks damages from more than one defendant. You must determine the liability of each defendant to Binkovich separately. If you determine that more than one defendant is liable to Binkovich for damages, you will be asked to find Binkovich's total damages and Binkovich's comparative fault if any. In deciding on the amount of damages, consider only Binkovich's claimed losses. Do not attempt to divide the damages among the defendants. The allocation of responsibility for payment of damages among multiple defendants is to be done by the court after you reach your verdict.

### F.     PUNITIVE DAMAGES

If you find for Binkovich, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.  Binkovich has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence.

You may award punitive damages only if you find that Barthelemy, Grondahl and /or Craig individual and or joint conduct that harmed Binkovich was malicious, oppressive or in reckless disregard of Binkovich's rights.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring Binkovich.  Conduct is in reckless disregard of Binkovich's rights if, under the circumstances, it reflects complete indifference to his safety or rights, or if Barthelemy, Grondahl and /or Craig act in the face of a perceived risk that their actions will violate Binkovich's rights under federal law. An act or omission is oppressive if Barthelemy, Grondahl and /or Craig injure or damage or otherwise violate the rights of Binkovich with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of Binkovich.

21

If you find that punitive damages are appropriate, you must use reason in setting the amount.

Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of Barthelemy, Grondahl and/or Craig's individual and or joint conduct.

You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants. However, punitive damages may not be awarded against the City of San Jose.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

## F.     DAMAGES ON MULTIPLE LEGAL THEORIES

Binkovich seeks damages under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged. You will be asked to decide whether Defendants are liable to Binkovich under the following legal theories:

1.     Violation of Fourth Amendment – Unreasonable Seizure Without Probable Cause (Barthelemy, Grondahl and/or Craig);

2.     Violation of Fourth Amendment – Excessive Force (Barthelemy, Grondahl and/or Craig);

3.     Public Entity Liability –Official Policy, Practice or Custom (City of San Jose);

4.     Public Entity Liability –Failure to Train (City of San Jose).

Past, noneconomic loss, including physical pain and mental suffering, are recoverable only once under all of the above legal theories.

Case No. 5:11-cv-03774-PSG
FINAL JURY INSTRUCTIONS